UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 19-24704-CIV-MARTINEZ-OTAZO-REYES

BLUEGREEN VACATION UNLIMITED, INC.,
and BLUEGREEN VACATIONS CORPORATION,

    Plaintiffs,

vs.

THE MONTGOMERY LAW FIRM, LLC,
et al.,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, for a ruling on Defendant Montgomery & Newcomb LLC's ("Defendant/Counter-Plaintiff" or "M&N Law") Motion for Preliminary Injunction as to Plaintiffs' Sham Litigation ("Motion for Preliminary Injunction"), [ECF Nos. 114, 124]. After an evidentiary hearing on August 26, 2021, Magistrate Judge Otazo-Reyes filed a Report and Recommendation ("R&R"), [ECF No. 146], recommending that M&N Law's Motion for Preliminary Injunction be denied. M&N Law timely filed Objections to the R&R, which is now ripe for disposition, [ECF No. 150].

**I.    Legal Standard**

A preliminary injunction may be granted only if M&N Law can establish by a preponderance of the evidence that: (1) there is a substantial likelihood of success on the merits; (2) irreparable injury will be suffered in the absence of an injunction; (3) the threatened injury to M&N Law outweighs any harm that an injunction may cause the Plaintiffs; and (4) if issued, the injunction would not be adverse to the public interest. *See Levi Strauss & Co. v. Sunrise Int'l*

*Trading, Inc.*, 51 F.3d 982, 985 (11th Cir. 1995); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). "[A] preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *Suntrust Bank v. Houghton Mifflin, Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001).

## II. <u>Discussion</u>

The Court has conducted a *de novo* review of the record, including the Transcript of the August 26th Motion Hearing, [ECF No. 147], and the issues presented in M&N Law's Objections. After careful consideration, the Court agrees with Magistrate Judge Otazo-Reyes's conclusion that M&N Law fails to establish the requisite elements for injunctive relief by a preponderance of the evidence. Namely, the Court agrees with Judge Otazo-Reyes's well-reasoned conclusion that M&N Law has not established a likelihood of success on the merits of its Clayton Act Counterclaim pursuant to the *Noerr-Pennington* doctrine and a lack of antitrust injury. In addition to those findings in the R&R, the Court additionally finds that M&N Law has not established irreparable harm.

"[T]he very idea of a preliminary injunction is premised on the need for speedy and urgent action to protect a [party's] rights before a case can be resolved on its merits." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016). M&N Law's failure to move for preliminary injunctive relief until six months to approximately a year-and-a-half into litigation belies an assertion of irreparable harm. *Id.*

Finally, because M&N Law's arguments regarding a stay of the case reflect those of its unmeritorious motion for injunctive relief, the Court finds that a stay is unwarranted.

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDED** that

1.  United States Magistrate Judge Otazo-Reyes's Report and Recommendation, [ECF No. 146], is **AFFIRMED and ADOPTED**.

2.  M&N Law's Motion for Preliminary Injunction as to Plaintiffs' Sham Litigation, [ECF No. 114], is **DENIED.**

DONE and ORDERED in Chambers at Miami, Florida, this 27th day of September 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record